UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANE DOE, an individual<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RICHARD ROE, an individual<br><br>　　　　　Defendant. | Case No. 2:12-cv- 01644-MMD-GWF<br><br>ORDER REGARDING SUPPLEMENTAL BRIEFING |

    This action stems from an alleged relationship that apparently spans across two states – California and Nevada. Plaintiff is a citizen of California and seeks to assert claims under California law. An issue pertinent to the Court's evaluation of Defendant's Motion to Dismiss (dkt. no. 13) is which state's law applies and the potential impact on venue. The Court finds that supplemental briefing on these issues is warranted.

    Plaintiff has alleged that Defendant is liable for negligence, intentional infliction of emotional distress, and fraudulent misrepresentation for transmitting the Herpes Simplex Virus II ("HSV II") to her. Plaintiff brought her negligence and fraudulent misrepresentation claims under California Health and Safety Code section 120290, which penalizes the willful transmission of an infectious disease to another person. No similar statute exists in Nevada. Despite this, Plaintiff did not allege that the transmission occurred in California. Instead, Plaintiff alleges that she and Defendant

engaged in unprotected sex *in Nevada* after she tested negative for HSV II in October of 2010, and before her diagnosis in December 2010, giving rise to the presumption that she contracted HSV II in Nevada.  However, the parties have alleged some facts that lead this Court to believe that California has a more significant relationship to them than Nevada does – namely that Plaintiff and Defendant both lived in California during a portion of their relationship (dkt. no. 13, Richard Roe Aff. ¶8) and that Plaintiff only visited Nevada twice to be with Defendant.  (Dkt. no. 1, Jane Doe Aff. ¶¶8-11.)

## I.    CHOICE OF LAW

When deciding a case brought under a federal court's diversity jurisdiction, federal courts must apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  In *General Motors Corp. v. Eighth Judicial District*, Nevada expressly adopted the Restatement (Second) Conflict of Laws ("Restatement") to determine which state's substantive law applies in a tort action. 134 P.3d 111, 116 (Nev. 2006). "The Second Restatement's most significant test governs choice-of-law issues in tort actions unless another, more specific section of the Second Restatement applies to the particular tort." *Id.* (*citing* Restatement (Second) of Conflict of Laws § 145 (1971)). The Restatement specifically addresses personal injury claims in section 146, which directs this Court to apply the law of the state where the injury occurred unless another state has a more significant relationship to the parties. *General Motors Corp.*, 134 P.3d at 117.

Thus, if Plaintiff alleges that California health laws apply to this action, she must also allege that the injury occurred in California or, in the alternative, that the injury occurred in Nevada, but California has a more significant relationship to her and the Defendant.

## II.   SUPPLEMENTAL BRIEFING

The Court requests supplemental briefing on this issue.  Specifically, the Court requests that the parties provide a briefing of no more than five (5) pages in length, citing to the relevant case law where appropriate, responding to the following:  (1) Did

2

the injury occur in California? (2) If the injury did occur in California, is the District of Nevada the proper venue to bring this action?

The parties must file their supplemental brief by Tuesday, April 16, 2013. The briefs must conform to the formatting requirements of LR 10-1.

DATED THIS 11th day of April 2013.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE