UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE DOE, an individual,<br><br>                        Plaintiff,<br><br>     v.<br><br>RICHARD ROE, an individual,<br><br>                        Defendant. | Case No. 2:12-cv-01644-MMD-GWF<br><br>(Order Regarding Joint Status Report – dkt. no. 22)<br>(Motion to File Verified Petition Under Seal – dkt. no. 9) |

      In September 2012, Plaintiff brought this action before the Court alleging Defendant's responsibility for Plaintiff's contracting the herpes simplex II virus. While Plaintiff brought this suit under the generic name "Jane Doe" to protect her identity, Plaintiff did not afford Defendant the same protection, and used Defendants' full name instead of a generic placeholder.

      On November 5, 2012, Plaintiff filed a Motion for Leave to File Verified Petition under Seal. (Dkt. no. 9.) Plaintiff argued that since the Defendant had not yet returned the waiver of service of summons nor appeared in the action, Plaintiff's identity should be protected. (*Id.* at 4.) Defendant, however, subsequently appeared in this action and filed his Motion to Dismiss on December 21, 2012. (Dkt. no. 13.) In his motion, Defendant requested that his name be redacted to protect his identity in this sensitive matter. (*Id.* at 13.) Defendant also impermissibly used Plaintiff's full name in certain filings.

This Court ordered parties to meet and confer to reach an agreement concerning amending the filings in this case so as to protect the parties' identities going forward. (Dkt. no. 20.) In their Joint Status Report, the parties agreed to and submitted the following: (1) that all past and future filings in this suit be sealed; (2) to redact the parties' names in all future filings; (3) to utilize the above caption of Doe v. Roe in future filings; and (4) to have the Clerk's Office redact the parties' names in all past filings. (Dkt. no. 22 at 1.)

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 984, 993 (9th Cir. 2008). To overcome this presumption, a party must articulate "compelling reasons" justifying nondisclosure, such as use of the record to gratify spite, permit public scandal, circulate libelous statements, or release trade secrets. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, compelling reasons exist to redact the parties' names in all past filings and to utilize the Jane Doe v. Richard Roe caption in future filings. However, the Court rejects the parties' request to place the onus of redacting names from past filings on the Clerk of the Court. The Court also rejects parties' request to seal all documents. The parties have not shown a compelling reason to seal all past and future filings in light of the Court's preference to preserve public access to court records, especially when this measure is obviated by redacting the parties' names from the record. For the same reasons, this Court declines Plaintiff's Motion to for Leave to File the Verified Petition under Seal; Plaintiff's name and signature have already been redacted from the Verified Petition for Admission Pro Hac Vice. (Dkt. no. 7.) However, even with parties' names redacted, the Court recognizes that the summons, in particular, requires sealing to maintain the anonymity of the parties.

///

GOOD CAUSE APPEARING, the parties are HEREBY ORDERED to re-file all past filings with the Plaintiff and Defendant's names redacted, excepting the complaint and the summons.[1] The parties must re-file all documents in this case by Monday, April 15, 2013. After these documents are re-filed with the Court, the Court will amend its order temporarily sealing all documents in this case (dkt. no. 21,) maintaining the seal on the complaint and summons. (Dkt. nos. 1 and 4).

IT IS FURTHER ORDERED that in all future filings with this Court, the parties will be referred to as "Jane Doe" or "Plaintiff", and "Richard Roe," or "Defendant."

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Verified Petition under Seal (dkt. no. 9) is DENIED.

The Clerk of the Court is HEREBY ORDERED to strike all previously filed documents from the Record, excepting documents number 20, 21, and 22.

ENTERED THIS 11th day April of 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, the parties' legal names do not appear in documents number 20, 21, and 22, and these documents therefore need not be re-filed with the Court.