UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, an individual, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01644-MMD-GWF |
| vs. | ) **FINDING AND** |
| | ) **RECOMMENDATION** |
| RICHARD ROE, an individual, | ) **AND ORDER** |
| Defendant. | ) |

This matter comes before the Court on Defendant Richard Roe's Motion for Terminating Sanctions and Attorney Fees (#54), filed on April 3, 2014. Plaintiff did not file an Opposition to Defendant's Motion. The Court conducted a hearing in this matter on May 5, 2014. Counsel for Defendant appeared at the hearing. Neither Plaintiff nor her counsel appeared.

### BACKGROUND

Plaintiff filed her Complaint (#1) on September 19, 2012, alleging that Defendant willfully transmitted HSV II to her in violation of the California Health and Safety Code § 120290. *See Doc. #1*. Discovery and related planning were postponed temporarily pending the ruling on the Defendant's Motion to Dismiss. *See Doc. #19*. The parties subsequently stipulated to a stay of discovery to conduct a settlement conference, which was ultimately unsuccessful. *See Dkt. #37*. The discovery stay was then lifted and the scheduling order was entered on January 13, 2014. *See Doc. #53*.

Defendant alleges that Plaintiff has since failed to participate in discovery. Plaintiff has not made her initial disclosures which were due on January 10, 2014. *See Doc. #54-1 at ¶ 2*. Plaintiff failed to respond to Defendant's Requests for Production of Documents and Interrogatories, which were due before Plaintiff's scheduled deposition on March 28, 2014. *See Doc. #54 at pg. 1*. Without

communicating with Defendant, Plaintiff failed to appear for her deposition on March 28, 2014. *Id.* Plaintiff was afforded proper notice in writing well in advance of the scheduled deposition. *Id*. Defense counsel's attempts to contact Plaintiff's counsel during the scheduled deposition were futile. *See Doc. #54-1 at pg. 3 ¶ 9.*

Defendant stated that on February 21, 2014, he received an email from Plaintiff's counsel, Alia Daniels, in which she indicated she was leaving the law firm, Levine & Blit, within the week. *See Doc. #54-1 at pg. 1 ¶ 4*. Ms. Daniels informed defense counsel that Mr. Vincent Granberry would be taking over Plaintiff's matter and she provided Defendant with his contact information. *Id*. Prior to filing the present motion, defense counsel states that he was not able to communicate with Mr. Granberry. *See Doc. #54-1 at pg. 5.* For these reasons, Defendant moves for terminating sanctions and attorney's fees. *See Doc. #54*.

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A)(iii)-(v) provides that courts may strike a complaint or dismiss an action if the plaintiff fails to obey an order to provide or permit discovery. Rule 37(d)(3) provides the same recourse if a party fails to appear for its deposition. Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith. *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1340 (9th Cir. 1985). Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault. *Fjelstad*, 762 F.2d at 1341. Because the sanction of dismissal is drastic, courts must weigh five factors before entering default: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

. . .

The first two factors favor dismissing this case.  Plaintiff's failure to participate in discovery delayed the reasonable disposition of this case by the Court.  Here, the Court gave Plaintiff ample time to properly proceed with discovery.  If necessary, Plaintiff was permitted to request extensions of time.  Plaintiff, instead, remained unresponsive and continued to flout the discovery process.

The third factor also supports terminating sanctions.  In particular, the inability to obtain discovery from Plaintiff is greatly prejudicial because it prevents Defendant from mounting an adequate defense.  *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (upholding the third factor when the admonished party's conduct was such that it made it impossible for the opposing party to adequately prepare itself for trial).  Defendant has spent considerable time and resources to compel both discovery and Plaintiff's deposition, all to no avail.  Plaintiff brought this action, and Defendant cannot be expected to spend additional resources to force her to properly litigate it.  *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3rd Cir. 1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party"); *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (indicating that defendant had been prejudiced by plaintiff's continual flouting of discovery rules, failure to comply with pretrial conference obligations, and repeated violations of local court rules).

Finally, there are no less drastic sanctions available that would suffice to move this case forward.  Plaintiff was given notice of Defendant's present Motion (#54) for terminating sanctions, yet failed to defend her action.  Plaintiff did not file an opposition to Defendant's motion, and neither Plaintiff nor her counsel appeared for the motion hearing.  The Court therefore concludes that Plaintiff's failure to comply with the Federal Rules of Civil Procedure and participate in discovery has been willful and in bad faith and justifies the imposition of the severe sanction of dismissal.

Defendant also moved for costs and fees in the filing of his motion for sanctions.  Rule 37(d)(1)(A) gives the Court discretion in awarding costs and fees for a party's failure to attend its own deposition or serve answers to interrogatories.  Based on Plaintiff's complete failure to participate in discovery and respond to Defendant's motion, the Court will award Defendant reasonable costs and fees for the time he expended in bringing the present Motion for Terminating Sanctions and Attorney Fees.  Accordingly,

## RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Terminating Sanctions for Plaintiff's Failure to Attend Her Deposition, Plaintiff's Failure to Respond to Defendant's Interrogatories and Requests to Produce, and Plaintiff's Failure to Complete Initial Disclosures (#54) be **granted**, and that Plaintiff's complaint be **dismissed**, with prejudice, as a sanction for her failure to comply with the Federal Rules of Civil Procedure and participate in discovery.

## ORDERS

**IT IS HEREBY ORDERED** that Defendant's Motion for Award of Costs and Fees (#54) be **granted**.  Counsel for Defendant shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this report and order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

**IT IS FURTHER ORDERED** that Counsel for Plaintiff shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

**IT IS FURTHER ORDERED** that Counsel for Defendant shall have 11 days from service of the responsive memorandum in which to file a reply.

...
...
...
...
...
...

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of May, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge