UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RICHARD ROE, an individual,<br><br>　　　　　　　　　Defendant. | Case No. 2:12-cv-01644-RFB-GWF<br><br>**ORDER** |

### I.　　Background

At a motion hearing before this Court on December 8, 2014 regarding sanctions for alleged discovery violations, parties Jane Doe ("Plaintiff") and Richard Roe ("Defendant") were ordered to submit a joint proposed discovery order by December 31, 2014. Order, ECF No. 85. Defendant was further ordered to file a brief regarding a possible attorney fees sanction for the discovery violations by December 22. Finally, Defendant was given leave to file a motion for evidentiary sanctions related to the discovery violations prior to the motion deadline.

On December 21, 2014, Defendant filed a motion for attorney fees, ECF No. 86. On December 24, Plaintiff filed a stipulation formatted as a letter and docketed as a "Response to Motion for Attorney Fees." ECF No. 87. In this stipulation, the parties sought to extend the deadline for Plaintiff's response from December 29 to January 5, 2015, and to extend the deadline for submission of the joint discovery plan to January 19. Id. Defendant reiterated the request for the January 19 extension in a status report filed December 31. ECF No. 89. On December 29, Plaintiff filed a memorandum in opposition to Defendant's motion for attorney fees. On Jan 3, Defendant replied. ECF No. 90.

/ / /

On January 13, 2015 Defendant filed a motion for summary judgment or in the alternative a motion for protective order and evidentiary sanctions. ECF No. 92. The Clerk of Court advised Defendant to re-file the included motion for protective order separately, ECF No. 93, and Defendant filed separately the motion for protective order, ECF No. 94.[1]

On January 15, Plaintiff moved to stay both the motion for protective order, ECF No 94, and the motion for summary judgment, ECF No. 92. In this motion, Plaintiff indicated the parties had been unable to develop a mutually agreeable discovery schedule. Id. This motion is fully briefed. See Response, ECF No 96; Reply, ECF No. 97. On January 26, Plaintiff moved to extend time to respond to the motion for summary judgment and the motion for protective order. ECF No. 98. Defendant responded. ECF No. 99.

**II.     Discovery Plan**

To date, no discovery plan has been filed by the parties as ordered and it appears none is immediately forthcoming. Accordingly, the Court will issue a discovery plan in this order.

**III.    Motion for Protective Order, ECF No. 94**

Defendant's motion for protective order and sanctions is procedurally deficient.

> (a) All motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any.
> (b) Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without court action.

D. Nev. R. 26-7; see Fed. R. Civ. P. 26(c). Defendant does not include the certification, as required by the local rules and federal rules. Id. Furthermore, Defendant does not fully set forth what discovery he objects to. Rather, Defendant broadly states, "Below are *some* of Plaintiff's Interrogatories, which are either complete fishing expeditions or otherwise not reasonably

---

[1] Accordingly, the Court will treat ECF No. 94 as a motion for protective orders and evidentiary sanctions and treat ECF No. 92 as a motion for summary judgment, only.

limited in time or subject matter, to which Defendant had previously objected, and for which Defendant would seek a protection order, including deposition questioning, if the case is not now dismissed as requested," and then lists ten presumably example interrogatories. Motion for Protective Order 11–12, ECF 94. Defendant makes similar statements regarding requests to produce documents. Id. at 12–13. The motion, it appears, is asking the Court to broadly rule on a group of interrogatories and requests for documents based on generic objections to sample items of discovery. The Court will not do this.

The Motion for a Protective Order, as noted, has procedural deficiencies. The Court will therefore deny the motion without prejudice to Defendant refiling it to address its procedural deficiencies but also to address the issue of the lack of specificity as to its objections. The Defendant must connect specific objections to specific discovery items and explain for each item why the Court should deny discovery. Furthermore, due to the nature of this denial and because Plaintiff has, in fact, not responded, sanctions under Federal Rule of Civil Procedure 37(a)(5) are inappropriate at this time in response to this specific motion.

### IV.     Motion for Summary Judgment, ECF No. 92

The motion for summary judgment is, pursuant to Fed. R. Civ. P. 56(d), denied without prejudice to refiling at or near the end of discovery. Discovery has just begun and the arguments raised in this motion depend upon particular facts which will receive further elaboration as discovery continues. This motion is therefore premature.

### V.     Motion to Extend Time, ECF No. 98

The motion to extend time is denied as moot.

### VI.     Motion to Stay, ECF No. 95

The motion to stay is denied as moot.

//

//

**V.     Conclusion**

Accordingly, **IT IS ORDERED** that the following discovery plan and scheduling order dates shall apply:

1. Last date to complete discovery: August 4, 2015.
2. Last date to amend pleadings and add parties: May 6, 2015.
3. Last date to file interim status report: June 5, 2015.
4. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): June 5, 2015.
5. Last date to disclose rebuttal experts: July 6, 2015.
6. Last date to file dispositive motions: September 4, 2015.
7. Last date to file joint pretrial order: September 4, 2015.  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment, ECF No. 92, is denied without prejudice.

**IT IS FURTHER ORDERED** that the Motion for a Protective Order, ECF No. 94, is denied without prejudice.

**IT IS FURTHER ORDERED** that the Motion to Stay, ECF No. 95, is denied as moot.

**IT IS FURTHER ORDERED** that the Motion to Extend Time, ECF No. 98, is denied as moot.

**IT IS FURTHER ORDERED** that a status conference is set for February 17 at 11:30 a.m. in Las Vegas in Courtroom 7C.

**DATED** this 5th day of February, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**